IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BARBARA HANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 18-cv-02617-TMP |
| ) | |
| STRYKER CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is defendant Stryker Corporation's ("Stryker") Motion for Summary Judgment, filed on March 4, 2019. (ECF No. 31.) Plaintiff Barbara Hannon responded on March 14, 2019 (ECF No. 33), and Stryker replied on March 28, 2019 (ECF No. 34). For the following reasons, Stryker's motion is DENIED as premature and without prejudice.[1]

### I. BACKGROUND

In this negligence action, Hannon seeks to recover for injuries she suffered because an incorrect medical device was used for her surgery. After suffering "fractures of the radius and ulna bones in her left forearm," Hannon sought medical treatment

---

[1]The parties have consented to have a United States magistrate judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 10.)

at Memphis Orthopedic Group. (ECF No. 1-1 at 5 ¶¶ 5-6.) Hannon's doctor diagnosed her with a "displaced forearm fracture of the radius and ulna bones" and recommended that she undergo surgery "to install medical hardware plates to stabilize and secure the fractures." (Id. at 5 ¶¶ 6-7.) Dr. Kenneth Grinspun performed Hannon's surgery on November 19, 2017, at Methodist Le Bonheur hospital. (Id. at 5 ¶ 8.) According to Hannon, a Stryker representative provided the medical hardware plates for the surgery and Dr. Grinspun subsequently implanted the plates during surgery. (Id. at 5-6 ¶¶ 9-13.)

A few months after the surgery, Hannon began experiencing pain in her left forearm, which prompted her to visit Memphis Orthopedic Group for a follow-up examination. (Id. at 6 ¶¶ 14-15.) At this examination, Hannon was informed that incorrect medical plates were utilized during her surgery, "causing her to re-break both her radius and ulna bones in her left forearm." (Id. at 6 ¶ 16.) According to Hannon, Dr. Grinspun informed her that a Stryker representative provided the incorrect plates for the initial surgery. Dr. Grinspun also ensured that the Stryker representatives were made aware of this mistake. (ECF No. 33-7 at 2.) On February 9, 2018, Hannon underwent a second surgery to replace the incorrect (and now broken) plates with the proper plate system. (ECF No. 1-1 at 6 ¶ 17.) Hannon alleges that the plate system used during the November 2017 surgery, the "Stryker VariAx

Fibula Locking Plate System," should not have been used because it was intended for surgeries involving the lower leg and not the forearm. (Id. at 5-6 ¶¶ 11-13.)

Hannon filed the instant lawsuit on August 2, 2018, in the Circuit Court of Shelby County. (ECF No. 1-1 at 4.) Stryker subsequently removed the lawsuit to this court. (ECF No. 1.) At some point during discovery, Stryker informed Hannon that it did not manufacture or distribute the device used for Hannon's November 2017 surgery. Stryker apparently also told Hannon that a separate entity, SurgiCor LLC, supplied the incorrect plates. (ECF No. 33-1 at 4.) As a result, Hannon filed a lawsuit against SurgiCor in state court seeking recovery for her injuries.[2] The complaint filed against SurgiCor is almost identical to the one filed against Stryker. The only difference between the two complaints is the identity of the entity that allegedly provided the incorrect plates. Compare (ECF No. 1-1 at 4-8), with (ECF No. 31-3 at 4-8).

---

[2] According to Hannon, "SurgiCor is a Tennessee limited liability company that has only one member and that member, on information and belief, is a citizen of Tennessee. . . . Accordingly, if SurgiCor were added as a defendant in this lawsuit, complete diversity would be destroyed (Ms. Hannon, like SurgiCor, is a citizen of Tennessee) and this Court would lack subject-matter jurisdiction over the suit." (ECF No. 33-1 at 2 n.1.) Hannon also asserts that "federal courts and Tennessee courts permit a plaintiff to plead in the alternative." (Id. at 3 n.2.)

Presently before the court is Stryker's Motion for Summary Judgment. (ECF No. 31.) In its motion, Stryker emphasizes that this is not a products liability lawsuit and is instead a negligence action where Hannon contends that someone negligently provided the wrong medical plates for her surgery. (ECF No. 31-4 at 1.) According to Stryker, it neither "supplied [n]or had any role in selecting the medical device that allegedly failed after Plaintiff Barbara Hannon's November 19, 2017 surgery." (Id.) Stryker contends that Hannon's state court action against SurgiCor proves that SurgiCor, and not Stryker, provided the incorrect medical device for Hannon's surgery. (Id.) Stryker argues that it owed no legal duty to her and therefore summary judgment is appropriate. (Id. at 5.) In response, Hannon argues "that Stryker's purported evidence in support of its motion for summary judgment is insufficient." (ECF No. 33-1 at 2.) In the alternative, Hannon argues that Stryker's motion is premature because she has not had a full and fair opportunity to engage in discovery in order to identify the party responsible for the incorrect device. (Id. at 4.)

## II. ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material

fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint."  Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991).

The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party.  Banks v. Wolfe Cty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003).  Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).  Rather, in order to defeat summary judgment, the party opposing the motion must present affirmative evidence to support its position; a mere "scintilla of evidence" is insufficient.  Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).  "In making this assessment, [the court] must view all evidence in the light most favorable to the

nonmoving party." McKay v. Federspiel, 823 F.3d 862, 866 (6th Cir. 2016).

Stryker argues that summary judgment is appropriate because it did not manufacture the plates system used for Hannon's surgery and had no role in providing the plates. In support of its motion, Stryker relies upon its responses to Hannon's interrogatories. In its interrogatory responses, Stryker asserts that none of its employees were involved in supplying the incorrect plates. (ECF No. 31-2 at 1.) Stryker also asserts that it did not manufacture the plate system. (Id. at 2.) Additionally, Stryker believes that Hannon's lawsuit against SurgiCor is tantamount to an admission that SurgiCor, and not Stryker, negligently provided the incorrect medical plates. The court is not persuaded by these arguments. First, Hannon has provided the medical notes from Dr. Grinspun indicating that he notified a Stryker representative of the incorrect medical device, which suggests that Stryker had a role in either manufacturing or supplying the incorrect plates. Second, the fact that Hannon has sued SurgiCor in state court does not necessarily preclude her from also suing Stryker, as a party is permitted to plead in the alternative. (ECF No. 33-1 at 3 n.2.) Third, Hannon's counsel has filed an affidavit stating that he "would like to test Stryker's claims by (at minimum) propounding additional written discovery designed to ascertain the nature of Stryker's relationship with SurgiCor and how that relationship

-6-

fits with the facts of this case."³  (ECF No. 33-5 at 3.)  This case is still in the early stages of discovery.  The deadline for completing written discovery is September 4, 2019, and the deposition deadline is October 4, 2019.  (ECF No. 15 at 2.)  In her response to Stryker's motion, Hannon asserts that "Plaintiff - who did not receive Stryker's verified interrogatory responses until March 4, 2019 - should be given a reasonable opportunity to test Stryker's assertions through, at minimum, further written discovery."  (ECF No. 33-1 at 4.)  The court finds that pursuant to Rule 56(d), the summary judgment motion is premature and should be denied.  See Briner v. City of Ontario, No. 1:17-cv-129, 2007 WL 2891343, at *7 (N.D. Ohio Sept. 28, 2007) ("Nonetheless, the Court is mindful that very little discovery has been completed to date. . . . [T]he Court finds that dismissing the malicious prosecution claim at this juncture would be inappropriate."); Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996) ("A district court may grant summary judgment in the early stages of discovery only if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.'" (quoting Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992))).

### III. CONCLUSION

---

³Although neither party has discussed whether SurgiCor is a "required party" under Federal Rule of Civil Procedure 19, the court notes that further discovery may shed light on this inquiry.

For these reasons, Stryker's motion is DENIED as premature and without prejudice.  Stryker may renew its motion after Hannon has had an opportunity to conduct discovery on the issues raised in the motion.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 3, 2019
Date